**STATE of Missouri, Appellant,**

v.

**KANSAS CITY–NORTHLAND ELKS LODGE #2376, and Wayne Johnson, Respondents.**

**No. 55 156.**

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1970.

---

1. The state waived the death penalty.

trol in "the name of the State of Missouri as plaintiff" (see § 311.840) [1] to declare certain liquor and beer previously confiscated to be contraband, and to have said contraband property sold under the direction of the court. We have jurisdiction because the State of Missouri is a party to the action.

The Elks Lodge is a not-for-profit corporation organized under the laws of the State of Missouri. It had been issued what is referred to as a "consumption of liquor" or "set-up" license by the Supervisor of Liquor Control pursuant to § 311.480 which authorized liquor and beer to be consumed, but not sold, on the premises. On April 16, 1968 two "liquor control agents," not members of the Elks Lodge, went to the locked front door, rang the bell and were admitted to the premises. No one was present except Arlene Kroge, an employee. The two agents ordered and were served a scotch and a vodka drink for which they paid ninety cents. The agents then informed Arlene Kroge that a violation of law had occurred, and that they were going to "confiscate all the liquor and beer on the premises."

A "large portion" of the liquor confiscated was found in "some cabinets and on the bar directly behind the bar, what we call * * * the back bar," and four or five hundred bottles and cans of beer were found in a cooler under the bar. There was also a separate storeroom in which were found "some cases of beer and several unopened bottles of whiskey and liquor," all in cases. On some of the bottles appeared the name of Harold Ash. The agents could not state, and the inventory made by them did not show, which bottles were taken from the storeroom, from the cabinets, from the back bar, or from the bar.

Two officers of the Elks Lodge testified that the bottles of liquor in the cabinets and at the bar (and presumably the beer in the cooler) belonged to the 176 members of the Elks Lodge who had paid five dol-

John C. Danforth, Atty. Gen., Jefferson City, Wayne H. Hoecker, Asst. Atty. Gen., Kansas City, for appellant.

Robert G. Duncan, Pierce, Duncan & Hill, Kansas City, for respondents.

STOCKARD, Commissioner.

The State of Missouri has appealed from an adverse judgment in its civil action against the Kansas City-Northland Elks Lodge No. 2376 (hereafter referred to as the "Elks Lodge") and Wayne Johnson (the "Exalted Ruler" of the Elks Lodge) brought by the Supervisor of Liquor Con-

---

1. All statutory references are to RSMo 1969, V.A.M.S.

lars each into a pool to purchase the supply, and which was replenished by the sale of set-ups. They also testified that the liquor (and presumably the beer) in the storeroom belonged to the Elks Lodge and was for use at parties where it and the set-ups were dispensed to the members without charge, and that the liquor (and beer) there stored was not a part of the liquor pool. There was also testimony that Arlene Kroge was not authorized to sell liquor, but was authorized only to sell set-ups to members of the Elks Lodge.

Based on the above evidence the trial court entered findings of fact and conclusions of law to the effect that the two agents were sold two drinks of intoxicating liquor; that liquor and beer were then confiscated from the back bar, cabinets, and a storeroom, some of which were opened and some unopened; that "no determination can be made as to which bottles, cans or cases or how many were opened or which or how many were taken from which place or location;" that § 311.050 makes it unlawful for any person to manufacture, sell, or expose for sale any intoxicating liquor without a license, and that the Elks Lodge had no such license, but that there is no authority for the confiscation or forfeiture of intoxicating liquor or beer which is not illegally manufactured, sold, kept or exposed for sale; and that "not all of the beer and liquor seized was sold or exposed for sale, and since it is impossible under the evidence to determine which or how much, other than the two drinks, was sold or exposed for sale, the [State] has not met its burden and the [State] has no right to the forfeiture [of all the liquor and beer confiscated] and, therefore, all of the remainder must be returned."

The two agents were not "special agents" with power of arrest, see § 311.630, and no arrest was made in this case. What their powers were is not clear from the record, but in view of the result we reach it is not necessary to determine whether they had the authority or right to confiscate liquor and beer on the premises of the Elks Lodge after observing a violation of the liquor laws when no search warrant had first been obtained as provided in § 311.810.

The effect of the findings of the trial court is that the sale of the two drinks to the agents was illegal. The authority to confiscate the liquor and beer, if such authority existed in those agents, was on the basis that § 311.050 makes it unlawful to sell or expose for sale intoxicating liquor without the proper license, and "All intoxicating liquor unlawfully * * * kept, sold, transported or otherwise disposed of * * * are contraband, and no right of property shall be or exist in any person or persons, firm, or corporation owning, furnishing or possessing any such property, liquor, * * * but all such intoxicating liquors * * * shall be sold * * " under orders and directions of the court. See § 311.810. However, the trial court found from the evidence that the liquor and beer in the storeroom was not unlawfully stored, kept or offered for sale, and this finding not only is supported by the evidence but there is no evidence to the contrary. We have no reason or justification to reach a conclusion contrary to this finding of the trial court. This presents the question of what disposition should be made in these circumstances of the confiscated liquor and beer.

It is provided in § 311.840 that when any intoxicating liquor of a value of more than fifty dollars is seized as contraband, the supervisor of liquor control, when the seizure is by his agents, shall commence an action in the circuit court requesting that there be a judicial determination that the property seized is contraband, and directing that the supervisor of liquor control, or his agent, sell said property at public or private sale. After notice and hearing as therein provided, the "court shall render such judgment as to it shall seem meet and just," and there are then set forth several different orders to be made in enumerated special circumstances, none of which are applicable to this case. The circuit court found that confiscation of all the liquor and beer

that was seized by the agents was not authorized by the evidence. It was further found that the properly seized liquor and beer had been comingled with the improperly seized liquor and beer so that it was impossible to determine which or how much, other than the two drinks, had properly been seized. It was concluded that in these circumstances all the seized property should be returned. The State does not present a proposed solution to this problem. Instead, it rests its case solely on the proposition that all the liquor and beer were properly seized. We conclude, however, that we should, under the circumstances, give deference to the findings and conclusions of the trial court. No solution to the problem occurs to us which would seem more "meet and just" in the circumstances than that proposed by the trial court.

The judgment is affirmed.

PRITCHARD, C., concurs.

BARRETT, C., not sitting.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.